Tom Ray, President Oaklawn Improvement District 4426 Hemlock Court Wichita, Kansas 67216
Dear Mr. Ray:
As president and on behalf of the board of directors for the Oaklawn improvement district, you request our opinion regarding whether two persons who are related as mother and daughter may concurrently serve as members of the board of directors of the Oaklawn improvement district.
The Oaklawn improvement district was established pursuant to K.S.A.19-2753 et seq. The district is governed by a three-member board of directors, the members of which are elected by residents of the improvement district. K.S.A. 19-2758; 19-2759.
Generally, the legislature is empowered to prescribe the qualifications for holding public office, providing it does not exceed its constitutional power or impose conditions of eligibility inconsistent with the constitution. In re Election of Massey, 227 Kan. 155, 157
(1980); see Kan. const., art. 2, § 18; Kan. const., art. 15, § 1. When an office is created by an act of the legislature, the legislature has the authority to name the terms of eligibility, and modify them at will.In re Election of Massey, 227 Kan. at 157-58. As a general rule, Kansas law does not per se prohibit persons who are related by blood or marriage from serving as members of the same governing board. See Attorney General Opinion No. 91-32.
Qualifications of persons eligible to seek and hold the office of director for an improvement district are set forth in K.S.A. 19-2762. The statute provides in part:
 "Any person desiring to be a candidate for director in any election, shall file with the county election officer of the county wherein the district is located, by 12:00 o'clock noon of the Tuesday preceding by eight (8) weeks the date set for holding such election, his or her name and shall file a statement that he or she desires it to be placed on the ballot as a candidate in such election." K.S.A. 19-2762 (emphasis added).
No additional qualifications for director of an improvement district are established by state law. See Attorney General Opinion No. 80-211. While persons related by blood or marriage are prohibited from concurrently serving in certain roles, see Attorney General Opinion No. 91-32, no such qualification is applicable to members of a board of directors for an improvement district such as this. Therefore, two persons who are related as mother and daughter may serve as members of the board of directors for the Oaklawn improvement district established pursuant to K.S.A. 19-2753 et seq.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm